IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: BROOKE CORPORATION, et al., )<br>) | Bankr. Case No. 08-22786 |
| Debtors. ) | Chapter 7 |
| _____ ) | |
| ) | |
| NORTHERN CAPITAL, INC., ) | |
| ) | |
| Plaintiff, ) | Bankr. Adv. No. 09-6011 |
| ) | |
| v. ) | Dist. Case No. 11-2599-JWL |
| ) | |
| THE STOCKTON NATIONAL BANK and ) | |
| BROOKE CAPITAL ADVISORS, INC., ) | |
| ) | |
| Defendants, ) | |
| ) | |
| and ) | |
| ) | |
| ALBERT A. RIEDERER, Chapter 7 Trustee, ) | |
| ) | |
| Intervenor-Defendant. ) | |
| _____ ) | |
| ) | |
| ALBERT A. RIEDERER, Chapter 7 Trustee, ) | |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| NORTHERN CAPITAL, INC., et al., ) | |
| ) | |
| Third-Party Defendants. ) | |
| ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion by various third-party defendants for leave to appeal immediately an interlocutory order, issued September 28, 2011, by which the bankruptcy court granted partial summary judgment in favor of third-party defendant The Stockton National Bank (Doc. # 2). For the reasons set forth below, the Court **denies** the motion and dismisses the pending appeal.[1]

*A.    Background*

In this adversary proceeding in the bankruptcy court, plaintiff Northern Capital, Inc. seeks a declaratory judgment regarding certain assets. The Bankruptcy Trustee has filed a third-party complaint seeking to recover, as preferences, payments totaling $487,973.29 by debtor Brooke Corporation ("Brooke") to third-party defendant The Stockton National Bank ("Stockton") on a loan by Stockton to Brooke. Stockton transferred $460,014.71 of those payments to other lenders to whom it had sold participation shares in the Brooke loan, and the Trustee also named the participating lenders as third-party defendants in its suit to recover the alleged preferential transfers.

Stockton moved for partial summary judgment with respect to $460,014.71 of the total amount sought by the Trustee, on the basis that it was a mere conduit and thus not an "initial transferee" for that amount under 11 U.S.C. § 550(a)(1), and the bankruptcy court granted the motion by its Memorandum Opinion and Order of September 28, 2011.

---

[1]Because the appeal has been transferred to this Court from the Tenth Circuit Bankruptcy Panel, the third-party defendants' motion to clarify or enlarge the designation deadline (Doc. # 5) is denied as moot.

The court applied the *Bonded* test, adopted by the Tenth Circuit, by which "the minimum requirement of status as a 'transferee' is dominion over the money or other asset, the right to put the money to one's own purposes." *See Malloy v. Citizens Bank of Sapulpa (In re First Sec. Mtge. Co.)*, 33 F.3d 42, 43-44 (10th Cir. 1994) (quoting *Bonded Fin. Servs., Inc. v. European Am. Bank*, 838 F.2d 890, 893 (7th Cir. 1988)). Certain of the participating lenders who are third-party defendants ("movants") now seek leave to appeal immediately that interlocutory order by the bankruptcy court. Stockton opposes the request for leave.[2]

    B.    *Applicable Standard*

28 U.S.C. § 158(a)(3) provides for immediate appeal to the district court, with leave of that court, from an interlocutory order. *Id.* The Court applies the following standard:

> Leave to hear appeals from interlocutory orders should be granted with discrimination and reserved for cases of exceptional circumstances. Appealable interlocutory orders must involve a controlling question of law as to which there is substantial ground for difference of opinion, and immediate resolution of the order may materially advance the ultimate termination of the litigation.

*Personette v. Kennedy (In re Midgard Corp.)*, 204 B.R. 764, 769 (B.A.P. 10th Cir. 1997) (citing *inter alia* 28 U.S.C. § 1292(b)); *see also Murphy v. Redmond*, 2008 WL 294538,

---

[2] The Trustee has also filed a brief opposing the present motion; the Trustee's opposition is less convincing, however, in light of the fact that it first opposed summary judgment and argued to the bankruptcy court that Stockton was an initial transferee before changing its position in a sur-reply brief.

3

at *3 n.1 (D. Kan. Feb. 1, 2008) (Lungstrum, J.) (citing *Personette* for the standard for interlocutory appeals under 28 U.S.C. § 158(a)). The moving parties bear the burden of establishing that this standard is met. *See United Phosphorus Ltd. v. Fox (In re Fox)*, 241 B.R. 224, 232 (B.A.P. 10th Cir. 1999).

  C. *Analysis*

The Court declines to exercise its discretion to permit an interlocutory appeal from the bankruptcy court's order. Movants argue that the order involves a controlling question of law and that immediate resolution may materially advance the ultimate termination of the litigation because the Trustee's ability to recover from them will be "impacted" if a contrary result were reached, in the sense that they would then be able to assert certain statutory defenses that are not available in light of the bankruptcy court's ruling. Movants have not explained that impact, however, as they have not shown or even asserted that those defenses are meritorious and dispositive. As Stockton points out, the question whether the transfers constitute preferences will need to be litigated in any event. Thus, movants have not shown that the present delay and cost in permitting an interlocutory appeal is justified by a likelihood that significant time and expense may be spared in the future.

Moreover, the parties agreed on the applicable law to be applied by the bankruptcy court (the *Bonded* dominion test); thus, the only issue for that court was the application of settled law to the particular facts of this case. As the Tenth Circuit

Bankruptcy Panel has stated in this context, "the question of whether the bankruptcy court applied the controlling law to the relevant facts is not an appropriate matter for an interlocutory appeal as it is a factual question." *See United Phosphorus Ltd. v. Fox (In re Fox)*, 241 B.R. 224, 232 (B.A.P. 10th Cir. 1999); *see also In re Foxcross Assocs., L.P.*, 1991 WL 31999, at *2 (D. Kan. Feb. 27, 1991) (declining to allow interlocutory appeal where the legal standards applied by the bankruptcy judge were undisputed and the parties' arguments were essentially factual and equitable).

Finally, the Court does not agree with movants that there is substantial ground for a difference of opinion concerning the bankruptcy court's ruling. Movants point to the bankruptcy court's statements that the application of the *Bonded* standard in this precise context (a loan held by a lead bank subject to participation agreements) presents a "question of first impression" and that research had "not produced any cases answering this question." The mere fact that a question of first impression arises does not automatically justify interlocutory review, however. *See Adams v. Burlington N. R.R. Co.*, 843 F. Supp. 686, 688 (D. Kan. 1994) ("The mere fact that a specific issue has not been previously ruled on, or that the question presented is one of first impression, is not in itself sufficient to establish a substantial ground for difference of opinion."). As noted above, the bankruptcy court applied established legal standards to a particular factual situation; the fact that the precise factual situation has not been discussed in a previous reported case does not mean that there is substantial ground for a difference of opinion

here. The bankruptcy court's opinion was thorough and well-reasoned, and it ably distinguished the one case cited by movants in the present motion supporting its position concerning the application of the *Bonded* test.

Accordingly, the Court denies the motion for leave to pursue an interlocutory appeal, and movants' pending appeal is hereby dismissed.

IT IS THEREFORE ORDERED BY THE COURT THAT the motion by various third-party defendants for leave to appeal immediately the bankruptcy court's interlocutory order of September 28, 2011 (Doc # 2) is **denied**, and the pending appeal is therefore dismissed.

IT IS FURTHER ORDERED THAT the motion to clarify or enlarge the designation deadline (Doc. # 5) is **denied as moot**.

IT IS SO ORDERED.

Dated this 6th day of January, 2012, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge